*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEAN ALLEN SLEIK,

        Defendant-Appellant.

UNPUBLISHED
February 13, 2026
11:53 AM

No. 373248
Alger Circuit Court
LC No. 23-002596-FH

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial conviction of second-degree child abuse, MCL 750.136b. Defendant argues that there was insufficient evidence to support his conviction. We affirm.

## I. BACKGROUND

This case arises from an altercation between defendant and his 13-year-old daughter. Defendant and the victim had a strained relationship and became involved in an argument. According to the victim, defendant smashed dishes and punched, kicked, and choked her. Defendant then threatened to commit suicide with a rifle that he showed to the victim. The victim messaged her aunt, who contacted the police.

The victim left the home and met police officers at a nearby pub. She was taken to a hospital and examined, but no physical injuries were detected. Police arrested and interviewed defendant, who admitted that he had overreacted, punched and kicked the victim, choked her "like a chicken," and told her that he would turn the house into a crime scene. Defendant was charged with second-degree child abuse, assault by strangulation, MCL 750.84(1)(b), and being a felon in possession of a firearm, MCL 750.224f.

At trial, the victim testified about the incident and acknowledged that she had previously told police that she did not have trouble breathing while defendant's hands were around her neck. The jury was shown a video recording of defendant's police interview and photographs of text messages exchanged between the victim and her aunt. The jury acquitted defendant of the

-1-

strangulation and firearm charges but found defendant guilty of second-degree child abuse. This appeal followed.

## II. ANALYSIS

Defendant contends that there was insufficient evidence to convict him of second-degree child abuse. A defendant is guilty of second-degree child abuse, in relevant part, if the defendant "knowingly or intentionally commits an act that is cruel to a child regardless of whether harm results." MCL 750.136b(3)(c). " 'Cruel' means brutal, inhuman, sadistic, or that which torments." MCL 750.136b(1)(b). The statute, however, "does not prohibit a parent or guardian . . . from taking steps to reasonably discipline a child, including the use of reasonable force." MCL 750.136b(9).

"Challenges to the sufficiency of the evidence are reviewed de novo." *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). "When reviewing a defendant's challenge to the sufficiency of the evidence, we review the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (quotation marks omitted). "The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Defendant contends that the evidence was insufficient to establish the cruelty element of second-degree child abuse because the jury acquitted him of assault by strangulation and because the victim did not suffer physical injury. We disagree.

The jury was presented with evidence that defendant struck the victim multiple times, choked her, and threatened to turn the house into a crime scene. The jury also viewed a video of the police interview in which defendant admitted that he overreacted, punched and choked the victim, smashed dishes, and "might have" said that he would turn the home into a crime scene. Although the victim's testimony contained inconsistencies and her credibility was challenged at trial, issues of credibility and the weight of the evidence are for the jury to decide, and all reasonable inferences must be drawn in support of the verdict. *Id.* A witness's testimony is not rendered wholly unbelievable merely because it is inconsistent or questionable in some respects. See *People v Knepper*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363191); slip op at 6-7.

Defendant further argues that his acquittal on the strangulation and firearm charges demonstrates insufficient evidence of child abuse. That argument fails. Assault by strangulation requires proof that the defendant "imped[ed] normal breathing or circulation of the blood." MCL 750.84(2). By contrast, second-degree child abuse based on a cruel act does not require physical harm. MCL 750.136b(3)(c). The jury's acquittal on the strangulation charge reflects only that it was not persuaded beyond a reasonable doubt that defendant impeded the victim's breathing or circulation, not that defendant did not choke the victim or act cruelly toward her. Viewed in the light most favorable to the prosecution, the evidence that defendant struck the victim, choked her, destroyed household property in anger, and threatened to turn the house into a

crime scene was sufficient for a rational jury to conclude that defendant committed a cruel act toward the victim that was not reasonable discipline.

Affirmed.

/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado
/s/ Matthew S. Ackerman